IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN D. MOORE, 36285-177,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-2540-O |
| | ) | 3:07-CR-0125-O |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner was convicted of transporting child pornography, in violation of 18 U.S.C. §2252(a)(1) and (b)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Petitioner was sentenced to 240 months on Count One and a consecutive 120 month term on Count Two, for an aggregate sentence of 360 months in prison. On March 26, 2010, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. On October 4, 2010, the Supreme Court denied Petitioner's petition for writ of certiorari.

On September 21, 2011, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. On November 16, 2011, Petitioner filed an amended petition. Petitioner argues:

    1.    He received ineffective assistance of trial and appellate counsel because counsel

   did not fully or properly present all claims;

2. His conviction violated double jeopardy;

3. His prosecution violated Department of Justice policy;

4. His conviction violated the Commerce Clause;

5. His two charges and sentences were multiplicitous;

6. He was the victim of a vindictive prosecution;

7. He was selectively prosecuted;

8. The indictments were defective;

9. The government failed to prove all necessary elements of the offenses beyond a reasonable doubt;

10. Child pornography that the Court suppressed should not have been considered in determining his sentencing guidelines range;

11. The statute underlying Petitioner's convictions is unconstitutional;

12. He should have been acquitted because he did not "produce" child pornography;

13. The government lacked jurisdiction to prosecute him;

14. The government did not have authority to sentence Petitioner to prison;

15. The government violated various rules and procedures during trial;

16. The United States Attorneys had no power to charge or prosecute Petitioner;

17. The court lacked jurisdiction over his trial;

18. His sentence was illegally enhanced;

19. The special assessment was unconstitutional.

**II.  Factual Background**

The following factual background is taken from the PSR and the Fifth Circuit's opinion on direct appeal.

In September 2005, Petitioner flew into Ottawa, Canada for his employment.  During screening by the Canada Border Security Agency, officials discovered child pornography on Petitioner's Acer laptop computer.  Canadian officials seized the computer, took Petitioner into custody, and charged him with smuggling and possessing child pornography.  In January 2006, Petitioner pled guilty and was sentenced to 133 days in prison.

After Petitioner's arrest in Canada, U.S. Immigration and Customs Enforcement ("ICE") initiated an investigation.  Analysis of Petitioner's Acer computer showed numerous images and videos containing child pornography, including a video portraying a prepubescent female hanging from a rafter by a rope tied to her hands while being fondled by a masturbating man.  In total, the Acer computer had 17 video files of child pornography.

On February 16, 2007, after his release from Canadian custody, Petitioner pled guilty to aggravated sexual assault of a child in Texas state court and was sentenced to five years in prison.  The charge arose from Petitioner's molestation of his girlfriend's nine-year-old daughter.

In March 2007, ICE agents went to Petitioner's residence and interviewed his mother and brother.  His brother said Petitioner had called from Canada and asked him to get rid of his computer and CDs; however, his brother did not follow through on this request.  Petitioner's mother gave agents Petitioner's hard drive and CDs.  Analysis of the computer files revealed 280 images of child pornography and 98 video files amounting to six hours of running time.  Some of the videos contained sexual penetration of children, bondage of children, and children under six

years old.

Petitioner was charged with one count of transporting child pornography and one count of possessing child pornography. A jury found Petitioner guilty on both counts. The Court sentenced Petitioner to 240 months on Count One and a consecutive 120-month term on Count Two for an aggregate sentence of 360 months.

### III. Discussion

**1.     Procedural Bar**

**(A)     Rejected On Direct Review**

Petitioner argues that his convictions violate the Double Jeopardy Clause. Petitioner raised this claim on direct appeal. The claim was considered on the merits by the Fifth Circuit and rejected. Petitioner cannot relitigate this claim in this § 2255 petition. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). This claim should be denied.

**(B)     Failed To Raise On Direct Review**

Petitioner raises many claims in this petition that he failed to raise on direct review. These claims are as follows: (1) the charges were multiplicitous and the possession charge was a lesser included offense of transporting child pornography; (2) he was the victim of a vindictive prosecution and the prosecutor threatened to add charges if he did not sign a plea agreement; (3) he was the victim of selective prosecution; (4) the indictments were defective; (5) the government failed to prove all the necessary elements of the charges; (6) the government used illegally obtained evidence against him; (7) the criminal statute underlying his convictions is unconstitutional, his actions did not effect interstate commerce and his possession and

transportation of child pornography was not done for a commercial and or profitable purpose; (8) he should have been acquitted because he did not produce child pornography; (9) the government lacked jurisdiction to prosecute him; (10) he could only be sentenced to prison if he pled guilty; (11) various rules of Criminal Procedure were violated, he was not read his *Miranda* rights and the Court was biased in favor of the government; (12) the United States Attorneys were not authorized to prosecute him; (13) H.R. 3190 was improperly enacted; (14) the Court did not have jurisdiction over his case; (15) the Court abused its discretion in sentencing him above the base offense level assigned to his offense of conviction; (16) his prosecution violated Department of Justice policy; and (17) the mandatory special assessment was unlawful.

When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

In this case, Petitioner argues he requested that his trial and/or appellate counsel raise these claims, but counsel refused to do so. A petitioner can show cause and prejudice by showing that counsel rendered constitutionally ineffective assistance of counsel. *See United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994). The Court will therefore first analyze Petitioner's claims as ineffective assistance of counsel claims.

**2.    Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his trial and appellate counsel failed to raise the arguments he presents in this § 2255 petition. He states both counsel did not allow him to participate in the defense. As discussed below, Petitioner has failed to establish that he received ineffective assistance of counsel.

### A. Double Jeopardy

Petitioner argues his attorneys were ineffective for failing to argue that his convictions violated the Double Jeopardy Clause because he was prosecuted both in Canada and in the United States for the same conduct. Petitioner's trial and appellate counsel both raised this claim. The district court and the Fifth Circuit both rejected the claim. Petitioner has failed to show his attorneys were ineffective.

### B. Department Policy

Petitioner argues his attorneys were ineffective for failing to argue that his prosecution violated the Department of Justice's "Petite Policy." This policy states that, absent compelling reasons, a defendant should not be prosecuted for an offense that was the subject of a prior state or federal prosecution. Petitioner has failed to show that an alleged violation of this policy renders his convictions unlawful. "Courts have consistently held that the Petite policy is an internal rule of the Justice Department; criminal defendants may not invoke it to bar prosecution by the federal government." *United States v. Harrison*, 918 F.2d 469, 475 (5th Cir. 1990) (citations omitted). Petitioner's ineffective assistance claim should be denied.

### C. Multiplicity

Petitioner argues his attorneys were ineffective for failing to argue that the two charges of possessing child pornography and transporting child pornography are multiplicitous because they concern the same images.

In general, "multiplicity" is the charging of a single offense under more than one count of the indictment. *United States v. Soape*, 169 F.3d 257, 266 (5th Cir. 1999). The Court must determine "whether separate and distinct prohibited acts, made punishable by law, have been committed." *United States v. Reedy*, 304 F.3d 358, 363-64 (5th Cir. 2000).

In this case, trial counsel filed a motion for leave to file a motion to dismiss the superseding indictment by arguing the charges were multiplicitous. Although the District Court did not grant defense counsel leave to file the motion on the eve of trial, the Court stated that had it granted leave, it still would have denied the motion on the merits. (Trial Tr. Vol. 4 at 9-11.)

Further, the Fifth Circuit has found that the offenses of possessing child pornography and

transporting child pornography are separate and distinct acts for purposes of a multiplicity argument. *See United States v. Kimbrough*, 69 F.3d 723, 729 n.6 (5th Cir. 1995). Petitioner's claims should be denied.

### D.  Vindictive Prosecution

Petitioner argues his attorneys were ineffective for failing to argue he was the victim of a vindictive prosecution because he chose to exercise his right to a trial. He argues the prosecutor threatened to add charges through a superseding indictment if he did not sign a plea agreement.

A prosecutor may not increase the charge against a defendant solely because he invoked his rights, such as pursing an appeal. *United States v. Saltzman*, 537 F.3d 353, 361-63 (5th Cir. 2008). There is no presumption of vindictiveness, however, where a prosecutor increases a charge after a defendant has refused to plead guilty. *Id*. (citations omitted). "[T]he prosecution has a constitutionally legitimate interest in persuading the defendant not to exercise his right to plead not guilty . . . ." *Id*. Further, Petitioner's conclusory allegations fail to establish actual vindictiveness by the prosecutor. His claims should be denied.

### E.  Selective Prosecution

Petitioner argues his attorneys were ineffective because they failed to argue he was the victim of selective prosecution. To establish that he was selectively prosecuted, a defendant must show: (1) a prima facie case that he was singled out for prosecution although others similarly situated who committed the same acts have not been prosecuted; and (2) the government's selective prosecution of him was "actuated by constitutionally impermissible motives on its part, such as racial or religious discrimination." *United States v. Ramirez*, 765 F.2d 438, 439-40 (5th Cir. 1985).

In this case, Petitioner relies on: (1) an article stating that a 2006 investigation showed that few federal employees who were found to have viewed child pornography online were prosecuted; and (2) a news report that teens in Vermont would not face charges after girls took indecent pictures and videos of themselves and forwarded them to boys. These two articles fail to show these individuals committed the same acts Petitioner committed. Further, Petitioner has not shown racial or religious motive in prosecuting him. His claims should be denied.

### F. Indictments

Petitioner argues his attorneys were ineffective for failing to argue that the original indictment and superseding indictment were defective because they did not have the Clerk's signature. There is no requirement that the Clerk of Court sign the indictment. Petitioner's claim should be denied.

### G. Sufficiency of the Evidence

Petitioner claims his attorneys were ineffective because they failed to argue the evidence was insufficient to support the convictions. Petitioner first claims the government failed to prove the transportation charge because the indictment charged him with having knowingly transported *and* shipped child pornography, but the government failed to show he shipped *and* transported the pornography in both interstate *and* foreign commerce. Similarly, Petitioner claims the government failed to prove the possession charge because it failed to show the pornography had been mailed, shipped, *and* transported in interstate *and* foreign commerce.

Petitioner's claim is without merit. "Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, and this fact neither renders the indictment bad for duplicity nor precludes a

conviction if only one of the several allegations linked in the conjunctive in the indictment is proven." *United States v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972); *see also Omari v. Gonzales*, 419 F.3d 303, 308 n.10 (5th Cir. 2005) (same).  Petitioner's claims should be denied.

**H.     Suppression**

Petitioner argues his attorneys were ineffective for failing to suppress illegally obtained evidence that was used against him.

First, Petitioner argues the government illegally used evidence from his Acer laptop computer.  This computer was seized by Canadian authorities.  Petitioner states the Canadian authorities told him they would destroy the child pornography evidence found on the computer.  Instead, they gave this evidence to United States authorities.  Petitioner claims the United States government caused the Canadian government to unlawfully transfer this evidence.

Petitioner has failed to show the violation of a constitutional or federal right.  Further, his claims that the United States somehow coerced the Canadian government to transfer this evidence is wholly conclusory.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).  Petitioner's claims should be denied.

Second, Petitioner claims that evidence the Court suppressed for trial purposes should not have been used to calculate his guidelines range.  Although trial counsel objected to the use of these images, counsel admitted the argument was foreclosed by case law. (Sent. Tr. Vol. 7 at 39); *see also United States v. Montoya-Ortiz*, 7 F.3d 1171, 1181 (5th Cir. 1993) (holding exclusionary rule is inapplicable to sentencing proceedings).  Petitioner's claims should be denied.

### I. Commerce Clause

Petitioner argues his attorneys were ineffective for failing to argue his convictions were unlawful because his actions did not effect commerce. He also argues the Commerce Clause does not apply to private or noncommercial activities. The Fifth Circuit, however, has found child pornography to be commercial in nature, and that Congress may lawfully prohibit intrastate possession of child pornography under the Commerce Clause because it has a substantial impact on interstate commerce. *United States v. Kallestad*, 236 F.3d 225, 231 (5th Cir. 2000). Petitioner's claims should be denied.

### J. "Production" of Child Pornography

Petitioner argues his attorneys were ineffective because they failed to argue that Petitioner did not "produce" child pornography, therefore he could not be convicted under 18 U.S.C. §§ 2252(a)(1) and (a)(4)(B). These statutes, however, prohibit transporting and possessing child pornography. They do not incorporate a "production" requirement. Petitioner's claims should be denied.

### K. Unconstitutional Statute

Petitioner argues his attorneys were ineffective for failing to argue that 28 U.S.C. § 2252 is unconstitutional. He states Congress lacks the authority to prohibit child pornography. The Fifth Circuit, however, has concluded that § 2252 is constitutional. *See Kallestad*, 236 F.3d at 231. Petitioner's claim should be denied.

### L. Federal Property

Petitioner argues his attorneys were ineffective because they failed to argue that the government had no authority to prosecute Petitioner because his offenses did not occur on federal

property. Petitioner's claim is frivolous. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). Petitioner's claim should be denied.

### M. Sentence

Petitioner argues his attorneys were ineffective because they failed to argue that he could only be sentenced to prison if he pled guilty or nolo contendere. Petitioner's claim is frivolous and should be denied.

### N. Various Claims

Petitioner argues his attorneys were ineffective because they failed to argue that: (1) no complaint was filed in his case; (2) he was not arrested by a U.S. Marshal; (3) the government did not have jurisdiction to serve a federal arrest warrant in a Texas prison; (4) when he was transferred into federal custody he was not given his *Miranda* warnings; (5) the Court was biased in favor of the government; (6) the prosecutors lacked authority to prosecute him; and (7) Bill H.R. 3190, enacting 18 U.S.C. § 3231 and providing federal courts with jurisdiction over federal crimes, was not properly enacted.

Petitioner's claims are frivolous. He has failed to show his federal or constitutional rights were violated when no complaint was filed, he was not arrested by a U.S. Marshal and his federal arrest warrant was served in a Texas prison. He has failed to show that any of his statements were introduced at trial in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). His conclusory statement that the Court was biased is insufficient to support habeas relief. He has failed to show the prosecutors lacked authority to prosecute him. Finally, he has failed to show that H.R. 3190 was improperly enacted. *See Mayfield v. United States Attorney General*, No. 2:07-CV-258,

2008 WL 2130234 (E.D. Tex. 2008) (stating argument that H.R. 3190 was improperly enacted was without merit). Petitioner's claims should be denied.

### O. Jurisdiction of District Court

Petitioner argues his attorneys were ineffective because they failed to argue the district court was without jurisdiction because 18 U.S.C. § 3231 is unconstitutional. Title 18 U.S.C. § 3231 states that federal district courts have original jurisdiction over federal offenses. This claim has been rejected by the Fifth Circuit and other district courts. *See United States v. Leyva*, No. 06-11172, 2007 WL 3230321 at *1 (5th Cir. 2007) (per curiam); *Comer v. United States*, No. 3:09-CV-1261-N, 2009 WL 5033924 (N.D. Tex. 2009) (collecting cases). He also claims the United States only has the authority to bring a civil action, and it lacks the authority to bring a criminal action against him. Petitioner's claim is frivolous and should be denied.

### P. Sentence Above Base Offense Level

Petitioner argues his attorneys were ineffective because they failed to argue the Court unlawfully sentenced him above his base offense level, and unlawfully ran his sentences consecutively. Under 18 U.S.C. § 2252(b)(1), the Court was authorized to sentence Petitioner to twenty years in prison for transporting child pornography. Under 18 U.S.C. § 2252(b)(2), the Court was authorized to sentence Petitioner to ten years in prison for possessing child pornography. Further, the sentencing guidelines recommended that the sentences be served consecutively to the extent necessary to reach the total guideline punishment of 360 months in prison. ( *See* USSG § 5G1.2(d); PSR at ¶76.) Petitioner's claims should be denied.

### Q. Special Assessment

Petitioner argues his attorneys were ineffective for failing to argue that the special

assessment under 18 U.S.C. § 3013 was unconstitutional because it violated the Origination Clause and was a revenue generating statute. This claim, however, has been rejected by the Supreme Court and the Fifth Circuit. *See United States v. Munoz-Flores*, 495 U.S. 385, 387-88 (1990) ("On the merits, we hold that the special assessment statute does not violate the Origination Clause because it is not a 'Bil[l] for raising Revenue.'"); *United States v. Herrada*, 887 F.2d 524, 527-28 (5th Cir. 1989) (holding 18 U.S.C. § 3013 does not violate the Origination Clause). Petitioner's claims should be denied.

### R.  Remaining Claims

To the extent Petitioner argues his trial counsel failed to file pretrial motions and/or that trial and appellate counsel's performance was inadequate, the record shows trial counsel filed pretrial motions and that both trial and appellate counsel diligently defended Petitioner. Petitioner's claims of ineffective assistance of counsel should be denied.

### 3.  Direct Appeal

Petitioner argues his direct appeal was wrongly decided. This claim is not cognizable under § 2255. *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (listing cognizable claims under § 2255). This claim should be denied.

### 4.  Procedural Bar

As discussed above, Petitioner's ineffective assistance of counsel claims are without merit. He has therefore failed to show cause and prejudice for his failure to raise his claims on direct appeal. He has also failed to show he is actually innocent. To the extent his claims are free-standing claims and are not ineffective assistance of counsel claims, these claims are procedurally barred.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 9th day of May, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).