IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN D. MOORE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:11-cv-2540-O |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR") (ECF No. 48) in this case. The Magistrate Judge recommended that Petitioner's ("Moore") Rule 60(b) motion be construed as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), and that the Clerk of Court open a new civil action pursuant to § 2255. FCR, ECF No. 48. The Magistrate Judge also recommended that the § 2255 motion be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Moore filed objections. *See* Pl.'s Obj. FCR, ECF No. 51. The Court has conducted a *de novo* review of those portions of the proposed findings and recommendations to which an objection was made. Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the Findings, Conclusions, and Recommendations of the United States Magistrate Judge in this case are hereby **ACCEPTED**.

**I.      BACKGROUND**

Moore was convicted of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Moore was sentenced to 240 months on Count One and a consecutive 120 month term on Count Two, for an aggregate sentence of 360 months in prison. Mot. Vacate, ECF. No. 1. On March 26, 2010, the Fifth Circuit Court of Appeals affirmed Moore's conviction and sentence. *Id.* On October 4, 2010, the Supreme Court denied petitioner's petition for writ of certiorari. *Id.* On November 22, 2011, Moore filed an amended petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Am. Mot. Vacate, ECF No. 7. On July 31, 2013, the Court accepted the Magistrate Judge's recommendation and denied the petition on the merits. Order, July 31, 2013, ECF No. 39. On March 10, 2014, the Fifth Circuit denied a certificate of appealability. USCA Order, Mar. 10, 2014, ECF No. 46.

On July 7, 2015, Petitioner filed the instant motion pursuant to Fed. R. Civ. P. 60(b). Mot. Misc. Relief, ECF No. 47. The United States Magistrate Judge entered his findings of fact, conclusions of law, and recommendation to the District Judge. *See* FCR, ECF No. 48. The Magistrate Judge recommended that Moore's Rule 60(b) motion be construed as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255, and that the Clerk of Court open a new civil action pursuant to § 2255. *Id.* The Magistrate Judge also recommended that the § 2255 motion be transferred to the United States Court of Appeals for the Fifth Circuit. *Id.*

Moore objects to the FCR on the grounds that the Rule 60(b) motion was incorrectly construed as a successive § 2255 motion. Pet.'s Obj. FCR, ECF No. 51. Specifically, Moore claims that the "habeas court failed to: (1) address the merits of his claims; and (2) resolve contr[o]versies/disputes of material facts between evidence presented by Moore and the Government." *Id.* at 3.

## II.   LEGAL STANDARD

Courts must liberally construe pleadings filed by pro se litigants. *United States v. Feliz*, 537 F. App'x 406, 407 (5th Cir. 2013) (explaining that a motion raising purported sentencing errors and asserting due process, equal protection, and ineffective assistance of counsel claims are properly presented in a § 2225 motion); *see also Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011)). Thus, the substance of the pleadings, not necessarily their labels, is determinative. *Id.* Although Moore expressly seeks relief under Rule 60(b)**,** Moore is attacking the underlying criminal judgment and sentence. *See* Pet.'s Obj. FCR, ECF No. 51.

Section § 2255 is the primary means of collaterally attacking a federal sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The Fifth Circuit has held that "motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions. *Muyaba v. United States*, 2014 WL 5150537, *2 (N.D. Tex. Oct. 14, 2015) (O'Connor, J.) (construing an attack based on the Sixth Amendment and brought under Rule 60(b)(6) as a § 2255 motion); *accord United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). The Fifth Circuit recognizes that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions." *Rich*, 141 F.3d at 553 (quoting *Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996)).

## III.   ANALYSIS

Because Moore's Rule 60(b) motion seeks to raise a ground for relief against the judgment in the underlying criminal case and does not attack the integrity of the habeas proceedings, it should be construed as a successive § 2255 federal motion. *See McGee v. United States*, 2007 WL 642947, *1 (S.D. Miss. Mar. 2, 2007) (holding Rule 60(b)(6) motion challenging the illegality of a sentence

based on the consideration of two prior convictions was "nothing more than a successive attempt to seek post-conviction relief pursuant to 28 U.S.C. § 2255"). The grounds raised in Moore's current "Rule 60(b)" motion were also raised the § 2255 motion Moore filed in 2011. Am. Mot. Vacate, ECF No. 7. In order to file a second § 2255 motion, the "motion must be certified" by a United States Court of Appeals. 28 U.S.C. § 2255. Therefore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. Moore has not complied with these necessary requirements.

## IV.   CONCLUSION

Thus, the findings, conclusions, and recommendations of the United States Magistrate Judge should be and are hereby **ACCEPTED**. Moore's July 7, 2015 Rule 60(b) motion will be construed as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Accordingly, the motion to vacate filed under 28 U.S.C. § 2255 is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. For statistical purposes, the Clerk of Court is directed to open and close a new civil action (nature of suit code 510, motion to vacate, set-aside, or correct sentence).

**SO ORDERED** on this **2nd day** of **October, 2015.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE