**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN D. MOORE, 36285-177,** | ) | |
| **Movant,** | ) | **No. 3:11-cv-2540-O (BT)** |
| | ) | **No. 3:07-cr-0125-O (BT)** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Movant Kevin D. Moore filed a motion to vacate his conviction under Fed. R. Civ. P. 59(e), 60(b)(2) and 60(b)(6). (ECF No. 76.) For the following reasons, the Court construes the motion as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and transfers the motion to the Fifth Circuit Court of Appeals as successive.

I.

Moore was convicted of transporting child pornography, in violation of 18 U.S.C. §2252(a)(1) and (b)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to 240 months on Count One and a consecutive 120 month term on Count Two, for an aggregate sentence of 360 months in prison. On March 26, 2010, the Fifth Circuit Court of Appeals affirmed Moore's conviction and sentence. On October 4, 2010, the Supreme Court denied Moore's petition for writ of certiorari.

Moore has filed multiple § 2255 motions challenging his conviction. On September 26, 2011, Moore filed his first § 2255 motion, which the Court denied on July 31, 2013. *Moore v. United States*, No. 3:11-cv-2540-O (N.D. Tex.). On July 7, 2015, and December 9, 2019, Moore

filed his second and third § 2255 motions, which the Court transferred to the Fifth Circuit as successive. *Moore v. United States*, No. 3:15-cv-3198-O (N.D. Tex.) and *Moore v. United States*, 3:19-cv-2919-O (N.D. Tex.).

On December 27, 2019, Moore filed this motion to vacate under Fed. R. Civ. P. 59(e), 60(b)(2) and 60(b)(6). He claims he has newly discovered evidence that his counsel failed to inform him of a plea offer and argues his conviction should be vacated.

Although Moore states he filed this motion under Fed. R. Civ. P. 59 and 60, his motion challenges the validity of his conviction and is therefore properly construed as a § 2255 motion. The Fifth Circuit has held that "motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions. *Muyaba v. United States*, 2014 WL 5150537, *2 (N.D. Tex. Oct. 14, 2015) (O'Connor, J.) (construing an attack based on the Sixth Amendment and brought under Rule 60(b)(6) as a § 2255 motion); *accord United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). The Fifth Circuit recognizes that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions." *Rich*, 141 F.3d at 553 (quoting *Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996)).

Because Moore's motion seeks to raise a ground for relief against the judgment in the underlying criminal case and does not attack the integrity of the habeas proceedings, the Court construes the motion as filed under § 2555.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before Moore files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. The Court therefore TRANSFERS this motion to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

The Clerk of Court is directed to open a new civil action (nature of suit 510), with direct assignment to District Judge O'Connor and Magistrate Judge Rutherford, docket Moore's motion, (ECF No. 76), in the new case and terminate the motion in this case.

SO ORDERED.

Signed this 31st day of January, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**